COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     William K. Green v. The State of Texas

Appellate case number:   01-14-00960-CR

Trial court case number: 717215

Trial court:             180th District Court of Harris County

On February 26, 2015, this Court issued an order, abating the appeal and directing the trial court to determine why no brief had been filed. A hearing record was filed on March 24, 2015, in which appellant advised the judge that he was hiring counsel. Accordingly, the trial court found appellant wished to continue his appeal, granted counsel, Tom Martin's motion to withdraw, and ordered appellant to hire counsel or file a brief within 30 days. No brief was filed and no attorney has made an appearance for appellant.

When an appellant in a criminal case fails to file a brief, Rule 38.8(b)(4) requires the appellate court to issue an order, directing the trial court to hold a hearing and make certain findings. TEX. R. APP. P. 38.3(b)(2)-(3). If the trial court finds that appellant no longer desires to prosecute the appeal, or that appellant is not indigent, but has not made the necessary arrangements for filing a brief, the appellant court may consider the appeal without briefs. *Id.* at 38.8(b)(4). Without these findings, the appeal cannot move forward.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant and retained counsel, if any, shall be present in person. [1] The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;

---

1    If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2) If so, whether appellant has retained counsel;

3) To set a date certain (in no event to be more than 30 days from the date of the abatement hearing) for appellant to file a brief;

4) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,

    a. appoint counsel on appeal, and

    b. order the court reporter to file the reporter's record with this Court at no cost to appellant; or

5) If appellant is not indigent:

    a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel; or

    b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); TEX. R. APP. P. 38.8(b).

The trial court's findings and recommendations (separate and apart from any docket sheet notation) and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, if the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/Harvey Brown
           ☑ Acting individually    ☐ Acting for the Court

Date: January 21, 2016